UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| CARL E. STEWART, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6: 13-66-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| HARLAN CITY POLICE | ) | **MEMORANDUM OPINION** |
| DEPARTMENT, et al., | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This action arises from a property boundary dispute in Harlan, Kentucky. Plaintiff Carl Stewart and his neighbor, Opha Thomas, own adjacent parcels of land on Poplar Street. Stewart and Thomas have disagreed regarding the legal boundary line between the properties and each has undertaken efforts to delineate their land. [Record No. 2] On March 31, 2012, Harlan police received complaints of trespassing and Sergeant Miller investigated the disturbance. [Id.] After speaking with witnesses, observing Stewart's location, and reviewing a survey of the land, Miller arrested the plaintiff. [Record No. 49-15, p. 13] Stewart was charged with third-degree criminal trespassing on Thomas' property. On December 3, 2012, and by agreement of the parties, the charges were dismissed. [Record No. 49-12] Stewart subsequently filed this *pro se* lawsuit under 42 U.S.C. §1983, asserting: (i) wrongful arrest in violation of the Fourth and Fourteenth Amendments to the United States Constitution and (ii) an unlawful taking in violation of the Fifth Amendment. [Record No. 2]

Defendants Mike Thomas, Craig Miller, Mitchell Alford, and the Harlan City Police Department now move for summary judgment. [Record No. 49] Stewart opposes the motion. [Record No. 52] The defendants also move *in limine* to suppress purportedly irrelevant and unfairly prejudicial evidence at trial. [Record No. 50] Upon review of the record, the motion for summary judgment will be granted and the motion to suppress will be denied as moot.

**I.**

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Chao v. Hall Holding Co.*, 285 F.3d 415, 424 (6th Cir. 2002). A dispute over a material fact is not "genuine" unless a reasonable jury could return a verdict for the nonmoving party. That is, the determination must be "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

The party moving for summary judgment bears the burden of showing that no genuine issue of material fact exists. *CenTra, Inc. v. Estrin*, 538 F.3d 402, 412 (6th Cir. 2008). However, once the moving party has met its burden of production, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Sigler v. Am. Honda Motor Co.*, 532 F.3d 469, 483 (6th Cir. 2008) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475, 586 (1986)). Instead, the

nonmoving party must present "significant probative evidence" of a genuine dispute . . . to defeat the motion for summary judgment. *Chao*, 285 F.3d at 424. The nonmoving party cannot simply rely upon the assertions in its pleadings. It must come forward with probative evidence, such as sworn affidavits, to support its claims. *Celotex*, 477 U.S. at 324. In deciding whether to grant summary judgment, the Court views all the facts and inferences drawn from the evidence in the light most favorable to the nonmoving party. *Matsushita*, 475 U.S. at 587.

## II.

### A. Wrongful Arrest

As the arresting officer, Sergeant Miller argues that he is entitled to summary judgment on Stewart's Fourth and Fourteenth Amendment wrongful arrest claims. [Record No. 49-15] The Fourth Amendment to the United States Constitution protects the right of individuals to be free from improper arrest and detention. U.C. Const. amend. IV ("The right of people to be secure in their persons . . . against unreasonable seizures . . . shall not be violated."). A wrongful-arrest claimant must prove that there was a lack of probable cause to believe that the suspect had committed the crime. *Devenpeck v. Alford*, 543 U.S. 146, 156 (2004); *Voyticky v. Village of Timerlake, Ohio*, 412 F.3d 669, 677 (6th Cir. 2005).

Probable cause to make an arrest exists if, at the moment of the arrest, "the facts and circumstances within the officers' knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the arrestee had committed or was committing an offense." *Klein v. Long*, 275 F.3d 544, 550

(6th Cir. 2001). This determination is assessed "from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Kostrzewa v. City of Troy*, 247 F.3d 633, 639 (6th Cir. 1997). The "validity of the arrest does not depend on whether the suspect actually committed a crime." *Logsdon v. Hains*, 492 F.3d 334 (6th Cir. 2007) (citing *Michigan v. DeFillippo*, 443 U.S. 31, 36 (1979)).

Whether an officer is authorized to make an arrest "ordinarily depends, in the first instance, on state law." *Logsdon*, 492 F.3d at 341. Here, Stewart was arrested under KRS § 511.08. [Record No. 49-8] In its entirety, the statute states:

**511.08 Criminal trespass in the third degree.**

(1) A person is guilty of criminal trespass in the third degree when he knowingly enters or remains unlawfully in or upon premises.

(2) Criminal trespass in the third degree is a violation.

KRS § 511.08. Accordingly, Miller had probable cause to make the arrest if, on the basis of the facts known to him, he could reasonably conclude that Stewart knowingly entered or remained unlawfully on Opha Thomas' property.

Although the plaintiff alleges that he "was standing on [his] own property," [Record No. 49-3, p. 13] the proper inquiry is not whether Stewart actually trespassed, but whether the officers had probable cause to suspect that he had done so. The defendants assert that probable cause existed because Miller: (i) observed the surveyed land; (ii) was advised by a witness that Stewart stood on Thomas' land; and (iii) determined "by sight" that Stewart was trespassing and refused to leave. [Record No. 49-15, p. 15] The Sixth Circuit has held that an officer has no duty to investigate the

boundaries of a public right-of-way prior to making an arrest for criminal trespass when he or she receives reasonably trustworthy information that an individual is trespassing on private property and the officer actually see the person on the property in question. *Skovgard v. Pedro*, 448 Fed. Appx. 538, 546-47 (6th Cir. 2011). Although the present case involves abutting private property rather than a public right-of-way, the analysis is the same. *See Gardenhire v. Schubert*, 205 F.3d 303, 322-23 (6th Cir. 2000) (a duty to investigate is not part of the probable cause determination).

Here, Sergeant Miller had probable cause to believe that Stewart was trespassing. Eye witnesses identified Stewart and the alleged property boundaries. [Record No. 49-15, p. 13] *See Graves v. Bowles*, 419 Fed. Appx. 640 (6th Cir. 2011) (holding that a law enforcement officer is entitled to rely on eyewitness identification to establish adequate probable cause to sustain an arrest); *Ahlers v. Schevil*, 188 F.3d 365, 370 (6th Cir. 1999). Sergeant Miller personally observed Stewart in the area Miller believed to be Thomas' property. [Record No. 49-15, p. 13] And according to Miller, Stewart repeatedly refused to leave.[1] [Id.] The defendants have demonstrated that sufficient probable cause existed for the plaintiff's arrest. As a result, Stewart's wrongful arrest claim fails.

### B. Unlawful Taking

Stewart also alleges that the defendants violated his Fifth Amendment rights by taking his property without compensation. [Record No. 2] While the Complaint does not explicitly state the factual basis for this alleged violation, Stewart presumably takes issue

---

[1] The official citation states that "[a]fter the fourth time asking [Stewart] to leave the above subject sat on the ground and stated that he was not going anywhere." [Record No. 49-8]

with the Harlan City Police's enforcement of the disputed property boundary in favor of his neighbor by arresting him for trespass.

The takings clause of the Fifth Amendment, made applicable to the states through the Fourteenth Amendment, provides that private property "shall not be taken for public use, without just compensation." *Lingle v. Chevron U.S.A. Inc.*, 544 U.S. 528, 536 (2005). The facts and circumstances of the March 2012 arrest do not rise to the level of a taking for the purposes of the Fifth Amendment. The incident is more properly characterized as a property dispute between private parties – Stewart and his neighbor – that does not involve state actors. The mere instance of police enforcement of the apparent boundaries of the Poplar Street properties is not, by itself, sufficient to establish the state's "substantial contribution to and acceleration of the decline in value of property" denying the owner "all or essential use of his property." *Amen v. Dearborn*, 718 F.2d 789, 795 (6th Cir. 1983). Any loss of property to the plaintiff occasioned by Thomas' land survey was not "the result of any intrusion or encroachment" by the Harlan Police. *Woodland Market Realty Co. v. Cleveland*, 426 F.2d 955, 957-8 (6th Cir. 1970). The defendants correctly note that Stewart's appropriate remedy for resolution of the property dispute lies in a civil action in state court against Thomas. [Record No. 49-15, p. 9]

### C. Qualified Immunity of Officers in Official Capacities

The defendants contend that Sergeant Miller is entitled to qualified immunity. The doctrine of qualified immunity provides that, in civil suits, government officials acting in their official capacity and performing discretionary functions are generally

shielded from liability "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Gardenhire*, 205 F.3d at 310-11 (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). It is clearly-established that police officers must base arrests on probable cause. *St. John v. Hickey*, 411 F.3d 762, 770 (6th Cir. 2005). If a police officer nonetheless arrests a citizen where probable cause is so clearly absent that the officer sheds his or her qualified immunity, the officer may be held accountable for the wrongful arrest. *Gardenhire*, 205 F.3d at 315.

Qualified immunity involves a three-step inquiry. The Court must determine whether: (1) based upon the applicable law, the facts viewed in the light most favorable to the plaintiff show that a constitutional violation has occurred; (2) the violation involved a clearly established constitutional right of which a reasonable person would have known; and (3) the plaintiff has offered sufficient evidence to indicate that what the official allegedly did was objectively unreasonable in light of the clearly established constitutional rights. *Gray v. City of Detroit*, 399 F.3d 612, 615 (6th Cir. 2005).

In the present case, inquiry begins and ends with the first step. Having already determined that no constitutional violation occurred during Stewart's arrest, the Court need not address the remaining inquiries. *Saucier v. Katz*, 533 U.S. 194, 201 (2001) ("If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity."). Where, as here, a plaintiff cannot demonstrate the existence of a constitutional violation, a police officer is

protected by qualified immunity. *Estate of Carter v. City of Detroit*, 408 F.3d 305, 311 (6th Cir. 2005).

### D. Remaining Defendants

Having determined that the arresting officer is entitled to summary judgment, the Court turns to the remaining defendants named in Stewart's Complaint but not directly implicated in the arrest: (i) Officer Mitch Alford, (ii) Chief Mike Thomas, and (iii) the Harlan County Police Department.

Although the Complaint names Officer Mitch Alford as the arresting officer [Record No. 2], it appears from the record that Sergeant Miller actually performed the arrest. [Record No. 49-10, p. 7] The extent of Alford's involvement is that he completed the written arrest citation on Miller's behalf. [Record No. 49-8] It is well-settled in the Sixth Circuit that, to state a cognizable § 1983 claim, the plaintiff must allege personal involvement by each of the named defendants. *Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995) (personal involvement by the defendant is an essential element of a § 1983 cause of action asserting a constitutional deprivation). Having failed to establish that Alford was personally involved in the arrest, Stewart has not stated a legally-cognizable § 1983 claim upon which relief may be granted. *See Bennett v. Schroeder*, 99 Fed. Appx. 707, 713 (6th Cir. 2004) (an officer's role in filling out a report is insufficient, without evidence of personal involvement in the arrest, to defeat summary judgment).

Stewart also names Police Chief Mike Thomas as a defendant. [Record No. 2] However, the record confirms that Thomas was not present at the time of the arrest. [Record No. 49-15] In fact, Stewart concedes that he did not see the police chief on the

date in question. [Record No. 49-3, p. 12] Stewart's claim against Thomas appears to be based on the fact that Chief Thomas is the son of Opha Thomas, the owner of the Poplar Street property on which Stewart allegedly trespassed. [Record No. 52, p. 5] As with Alford, Stewart has failed to establish personal involvement by Thomas. Thus, the plaintiff has not alleged a legally-cognizable § 1983 claim against the police chief.

Stewart also points to Thomas' authority over the other officers but his allegations fall short of a claim of supervisor liability. [Record No. 52, p. 5] Entertaining *arguendo* such a claim, the Court notes that supervisory liability under 42 U.S.C. § 1983 is contingent upon the subordinate's underlying constitutional violation. *McQueen v. Beecher Cmty. Sch.*, 433 F.3d 460, 471 (6th Cir. 2006). The Sixth Circuit has explained that, at a minimum, "a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). In the absence of any such violation, a plaintiff may not maintain supervisory liability claims. *McQueen*, 433 F.3d at 471. Here, there is no evidence that Thomas was personally involved in the events which gave rise to this litigation. Moreover, Stewart has failed to supply evidence which raises a genuine issue of material fact that any constitutional rights were violated by Thomas' subordinates. Without more, Stewart cannot establish supervisory liability, and Thomas is entitled to summary judgment.

Finally, Stewart names the Harlan City Police Department as a defendant. [Record No. 2] The Police Department contends that municipal police departments are structured as mere divisions of city government. And while the city itself may be held

liable for the Department's acts and omissions, the Department is not recognized as a separate legal entity under Kentucky law. [Record No. 49-15, p. 23] Because the Police Department is not a cognizable defendant, the City of Harlan is the proper party to address the allegations of Stewart's Complaint. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (the Jefferson County Police Department is not a suable entity); *Rhodes v. McDannel*, 945 F.2d 117, 130 (6th Cir. 1991) (a sheriff's department is not a "legal entity subject to suit"). The City may be held liable for Stewart's injuries only if those injuries were the result of an unconstitutional policy or custom of the City. *Monell v. Department of Social Services*, 436 U.S. 658 (1978). Stewart makes no response to this argument. Moreover, he has failed to name the city as a defendant. In short, he has not provided evidence that a genuine issue of material fact exists to hold the Harlan City Police Department liable for the alleged constitutional violations.

Based on the foregoing discussion and analysis, the remaining named defendants[2] are entitled to summary judgment on Stewart's § 1983 claims. These parties would also be entitled to summary judgment of the claims against them on the same grounds presented above: sovereign immunity and the plaintiff's failure to present evidence of a constitutional violation under the Fourth, Fifth and/or Fourteenth Amendments.

**III.**

In the event that this action proceeds to trial, the defendants urge the Court to bar evidence that Stewart sat "in a hot police car for over two hours" following his arrest, as

---

[2] The defendants argue that Harlan Mayor Danny Howard is also entitled to summary judgment. [Record No. 49-15, p. 23] However, Howard does not appear as a named defendant and is not represented in this action, through counsel or otherwise. Accordingly, the issue of his liability is not properly before this Court.

well as any evidence of the factually-related federal lawsuit filed by the plaintiff's sister, Linda Stewart. [Record No. 50] To this end, the defendants argue that the evidence is inadmissible as irrelevant under Federal Rule of Evidence 402 or, in the alternative, that it should be excluded as unfairly prejudicial under Federal Rule of Evidence 403. [Record No. 50-2] However, in granting the defendant's motion for summary judgment, the Court need not reach the issue of admissibility. Thus, the motion in limine to bar evidence will be denied as moot.

## IV.

For the reasons discussed above, it is hereby

**ORDERED** as follows:

1. Defendants Mike Thomas, Mitchell Alford, Craig Miller, and the Harlan City Police Department's motion for summary judgment [Record No. 49] is **GRANTED.**

2. The defendants' motion in limine [Record No. 50] is **DENIED** as moot.

3. All claims having been resolved, this action is **DISMISSED** and **STRICKEN** from the Court's docket.

4. A final and appealable Judgment shall be entered this date.

This 21st day of October, 2014.



Signed By:
*Danny C. Reeves* DCR
United States District Judge